# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8897 | **DATE** | 6/16/2003 |
| **CASE TITLE** | Marva P. Cooks vs. John E. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted. Any pending dates are stricken. Any other pending motions are denied as moot.

*/s/ Amy J. St. E.*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 17 2003 | |
| | Notified counsel by telephone. | date docketed | 41 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | 03 JUN 16 PM 5: 02 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARVA P. COOKS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 8897 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, Postmaster General | ) | |
| United States Postal Service, | ) | |
| (Great Lakes Area), Agency, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Marva Cooks filed suit against the Postmaster General, claiming that the Postal Service engaged in various forms of discrimination. The Postmaster General now moves for summary judgment. For the reasons stated herein, Defendant's motion is granted.

### BACKGROUND

**I.    Procedural History**

Cooks filed a *pro se* complaint, alleging many injuries and instances of discrimination that purportedly occurred over decades of time.[1] Judge Pallmeyer, who initially presided over the case, undertook the task of determining what causes of action were viable.[2] On July 3, 2002, Judge Pallmeyer, in granting Defendant's motion to dismiss in part and denying it in part, determined that Cooks could proceed with two claims: (1) that the Postal Service assigned her

---

[1] The Court appointed counsel to represent Cooks on March 19, 2003. (*See* R. 34-1, Order.)

[2] This case was transferred to this Court as part of a mass reassignment on August 30, 2002.

work that exceeded her medical restrictions and (2) that the Postal Service engaged in racial, sex and disability discrimination when it reassigned her from one position to another on November 2, 1998. *See Cooks v. Potter*, 2002 WL 1466830, at *4 (N.D. Ill. July 8, 2002). Plaintiff has since abandoned her claims for racial and sexual discrimination, instead proceeding only with her disability discrimination causes of action.

## II. Facts

Cooks began working for the Postal Service as a full time employee in 1970. (R. 27-1, Def.'s Statement of Uncontested Facts ¶ 1.) She first injured her right wrist in 1981. (*Id.* ¶ 2.) Unfortunately, Cooks never fully recovered from that injury, instead developing traumatic arthritis in her wrist. (*Id.* ¶ 4.)

Cooks underwent a medical evaluation with the Department of Labor on September 1, 1998. (*Id.* ¶ 8.) The evaluation established that she should be restricted in her duties from lifting, pulling or pushing, and engaging in various repetitive motion activities with her right arm. (*Id.*)[3] After the Department of Labor evaluated Cooks, the Postal Service sent a letter to the physician that was treating Cooks' wrist injury. (*Id.* ¶ 13-14.) The Postal Service explained in the letter that it intended to place Cooks in a modified assignment that would accommodate her physical limitations. (*Id.* ¶ 15.) The Postal Service asked Cooks' physician to review the job description for the proposed assignment to confirm that the assignment was within Cooks'

---

[3] Plaintiff inappropriately denied Defendant's Statement No. 9 by claiming that Defendant's reference did not fully support the Statement. The Court has reviewed Defendant's evidence and finds, however, that it does fully support this Statement. Since Plaintiff has not come forth with contradictory evidence under Local Rule 56.1, the Statement is deemed uncontested.

abilities. (*Id.*)[4] According to the proposed job offer, the Postal Service was to assign Cooks to a job where she would, *inter alia*, work in the stamp destruction unit for the second and fourth week of each accounting period. (*Id.* ¶ 16.) Cooks had performed the duties in the stamp destruction unit before her reassignment there without complaining that she was incapable of performing the work. (*Id.* ¶ 17.)[5]

Cooks' physician indicated that he believed the proposed job description was within Cooks' work restrictions. (*Id.* ¶ 20.) After receiving the physician's approval, the Postal Service notified Cooks of her assignment, which was to be effective November 2, 1998. (*Id.* ¶ 21.) On November 4, 1998, Cooks accepted the job offer, provided that she would not have to perform any repetitive motions with her right hand, that the temperature in the Stamp Destruction Unit would be between 50 and 65 degrees, and that another employee would bring the stamps to her and remove bags when she was shredding stamps. (*Id.* ¶ 23.) The Postal Service agreed with these conditions. (*Id.* ¶ 24.)

Once working in the stamp destruction unit, Cooks complained to her direct supervisor, Angela Clark, that Cooks was required to lift boxes that were too heavy for her. (*Id.* ¶ 26.) Clark responded that she would move the boxes for Cooks. (*Id.*) On November 9, 1998, however,

---

[4] Cooks denied Defendant's Statement Nos. 15, 20 and 21, claiming the facts are in dispute. In support of this assertion, Cooks points to her deposition testimony, in which she stated that the Postal Service did not attach her job description to the letter to her physician. Cooks testified that she knew this because her physician told her that he had not seen the job description. Unfortunately for Cooks, her physician's statement is inadmissable hearsay. *See* Fed. R. Evid. 802. Cooks testimony on this point does not raise an issue of fact because she has no personal knowledge as to whether the Postal Service attached her job description to the letter.

[5] Cooks solely responded to Defendant's Statement No. 17 by issuing a denial without a citation to evidence. This is improper under Local Rule 56.1, and results in an admission of this Statement.

Cooks contacted an EEO counselor, claiming that the Postal Service assigned her work that violated her medical restrictions on November 2 and 6. (*Id.* ¶ 27.) It is this purported assignment that formed the basis of her administrative complaint and the viable portion of this lawsuit. (*Id.* ¶ 29-31.)

## STANDARD

Summary judgment is proper when factual record submitted by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position, however, is not sufficient. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

The Court construes the evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in her favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467,

4

471 (7th Cir. 2002). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir.1996).

## ANALYSIS

In his motion for summary judgment, Defendant claims that Cooks cannot establish a *prima facie* case for disability discrimination. To make a *prima facie* showing of disability discrimination for failure to accommodate her disability, Cooks must show: (1) that she is disabled; (2) that her employer was aware of her disability; (3) that she was an "otherwise qualified individual" for the job; and (4) that her employer subjected her to an adverse employment action was motivated by the disability. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1033-34 (7th Cir. 1999). Defendant contends that Cooks cannot establish two of these elements.

### I.  There Is No Genuine Issue Of Material Fact As To Whether Cooks Was Disabled

Defendant argues that Cooks cannot establish that she is disabled under the Americans with Disabilities Act (the "ADA"). The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The parties' dispute centers around whether Cooks has introduced sufficient evidence to meet the first definition.

Those claiming that they are disabled because an impairment substantially limits a major life activity must offer evidence that the limitation "in terms of their own experience . . . is substantial." *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567, 119 S.Ct. 2162, 2169, 144

5

L.Ed.2d 518 (1999). The Supreme Court has recently held that "household chores, bathing, and brushing one's teeth are among the types of manual tasks of central importance to people's daily lives." *Toyota Motor Mfg.*, 534 U.S. at 200, 122 S.Ct. at 693.

Cooks has not introduced sufficient evidence in her 56.1 statement of additional facts to show that she is disabled under the ADA. (R. 37-2, Pl.'s Statement of Uncontested Facts.) Her statement of additional facts includes evidence about her diagnoses and restrictions, (*see id.* ¶¶ 2, 5, 7, 9, 12-14, 19-20, 24), but does not contain any information on how her injury, in terms of her own experience, is substantial. *See Albertson's, Inc.*, 527 U.S. at 567, 119 S.Ct. at 2169. In her responding memorandum of law, Cooks points to her deposition testimony, where she stated that she would experience a burning sensation and could not reach for the door when she became cold.[6]

Even if the Court were to consider this evidence, which is impermissible because it is outside of the bounds of the parties' Local Rule 56.1 statements, the testimony would not be sufficient to raise a genuine issue of material fact as to whether Cooks was disabled for several reasons. First, Cooks' causes of action are not based upon the temperature of the stamp

---

[6] Defendant attempts to have this Court disregard this statement because it is "self-serving." A self-serving statement generally will be considered, however, unless the testimony is conclusory or is made without personal knowledge. *See Sample v. Aldi Inc.*, 61 F.3d 544, 549 (7th Cir. 1995) (conclusory statements in plaintiff's declaration or deposition do not create an issue of fact); *Gustovich v. AT & T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992) (plaintiff's claim that he or she is an adequate worker is not enough to show that defendant's belief that plaintiff's work was unacceptable was pretextual); *Visser v. Packer Eng'g Assocs., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). A plaintiff's "self-serving" statement may, on its own, effectively dispute a defendant's statement of fact. *Gorence v. Eagle Food Ctrs.*, No. 93 C 4862, 1999 WL 199619, at *3 (N.D. Ill. Apr. 1, 1999). "The self-serving nature of an affidavit is relevant to assess the affiant's credibility and to weigh the reliability of the affidavit's information," *Gorence*, 1999 WL 199619 at *3 (citing *Visser*, 924 F.2d at 659), but these determinations are properly left for the jury; they should not be the basis of a summary judgment ruling.

destruction unit, so her inability to use her right arm when she is cold is irrelevant. She is not claiming that the Postal Service failed to accommodate her disability by requiring her to work in a cold environment. Indeed, Cooks was the one who, as a precondition to accepting the position, demanded that the temperature be maintained at 50 to 65 degrees. (R. 27-1, Def.'s Statement of Uncontested Facts ¶ 23.) Second, her testimony only shows that Cooks has some discomfort while performing one task with one hand under certain conditions. Even when she is cold, there is no evidence establishing that Cooks cannot reach for a door with her uninjured hand. With nothing more, this evidence is a far cry from the Supreme Court's requirements to establish disability under *Toyota Manufacturing* and *Albertson's*. Plaintiff has failed to submit evidence showing that she has a physical impairment that substantially limits any of her major life activities.

## II. There Is No Genuine Issue Of Material Fact As To Whether Defendant Failed To Accommodate Plaintiff's Disability

Defendant also claims that Cooks cannot establish that the Postal Service failed to accommodate her. Plaintiff attempts to create an genuine issue of material fact here by pointing out that the Postal Service assigned her to the stamp destruction unit, where workers are required to lift boxes weighing up to 70 pounds.[7] That requirement, however, applies to postal workers generally, and not specifically to Cooks. It is undisputed that the Postal Service instead gave Cooks a modified assignment, which Cooks and her physician approved. That modified assignment only required duties to be performed by her left hand, which was healthy at the time.

---

[7] Plaintiff also claims that the Postal Service failed to accommodate her in many other way. (*See* R. 38-1, Pl.'s Response at 13-14.) These claims are not before the Court, however, given Judge Pallmeyer's July 8, 2002 ruling. *Cooks*, 2002 WL 1466830 at *4.

(R. 27-1, Def.'s Statement of Uncontested Facts Ex. 7.) It is also undisputed that her supervisor told Cooks that she would move the boxes for Cooks. Accordingly, the undisputed facts show that Defendant did not fail to accommodate Cooks disability by assigning her to the stamp destruction unit.[8]

## CONCLUSION

Cooks has failed to meet her burden of affirmatively demonstrating that there is a genuine issue of material fact with respect to two elements of her *prima facie* case. *See Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. Accordingly, Defendant is entitled to judgment as a matter of law.

DATED: June 16, 2003

ENTERED

AMY J. ST. EVE
United States District Judge

---

[8] Although she does not argue the point in her response, Cooks does submit in her statement of additional facts that she was indeed "required to lift bags weighing 50-70 pounds as a part of her duties." (R. 37-2, Pl.'s Statement of Uncontested Facts ¶ 27.) To support this statement, Cooks cites to her deposition, where she stated:

> They got [sic] two great big old bags in there that weighs [sic] about 50 to 75 pounds. You've got to take that out and wrap it around – you know, tie it or wrap something around it and pull it over or pick it up and pull it over to the side on the hand truck for the maintenance people to come and get. *I couldn't do that. I tried it.*

(R. 37-2, Pl.'s Statement of Uncontested Facts, Ex. 15 at 35-36 (emphasis added).) Instead of supporting the statement that Cooks was required to lift those bags, this testimony only shows that Cooks did not in fact lift them.

8